### 19829. WALDROP v. THE STATE.

DECIDED JULY 31, 1929.

*John S. Edwards, Walter Matthews, H. J. McBride,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

BROYLES, C. J. 1. In the state of the record it does not affirmatively appear that the rejection of evidence as complained of in special grounds 1 and 2 of the motion for a new trial was harmful error, if error at all.

2. The accused was charged with an assault with intent to murder, and convicted of an assault and battery. Exceptions were taken to the following excerpt from the charge of the court: "But if you do not find him guilty of assault with intent to murder, but you do not find that he was justified, either that he did not commit the assault on the prosecutor or that he was justified in what he did, and that he assaulted him, under the rules that I have given you, then your verdict would be, 'We the jury, find the defendant guilty of assault and battery.'" This excerpt is liable to the exception that it was confusing and misleading to the jury, and, considered alone, might require another hearing of the case. However, when it is considered in the light of the charge as a whole and the facts of the case, it does not require a reversal of the judgment. In another part of the charge the following clear instructions were given: "Now, if Gilbert Hornsby was assaulted by the defendant and beaten, but there was not the specific intent to take his life, but such assault and beating were unjustifiable and unlawful, then you would convict the defendant of assault and battery. An assault is an attempt to commit a violent injury upon the person of another. Battery is the unlawful beating of another. You look to the evidence here and see what the circumstances were, whether the defendant did, as charged by the State, assault and beat this man Hornsby, whether he was justifiable, whether he acted in self-defense or under other circumstances of justification."

3. The other special assignments of error are expressly abandoned in the brief of counsel for the plaintiff in error.

4. The verdict was amply authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*